**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq. (SBN 227896)
sk@consumerlitigationlawcenter.com
Sholi Goodman, Esq. (SBN 287465)
sg@consumerlitigationlawcenter.com
100 North Citrus Street, Suite 408
West Covina, CA 91791
Telephone:  (800) 787-5616 Fax: (888) 909-7647

Attorney for Plaintiff, DORIS H. BEGLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DORIS H. BEGLEY, an individual; | Case No.: 2:13-cv-03681-BRO (SHx) |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A WORLD SAVINGS BANK, FSB;  NDEX WEST, LLC, a Delaware Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive, | Hearing Date:<br>Date:   August 12, 2013<br>Time:   1:30 p.m.<br>Ctrm:   14<br><br>Judge: Honorable Beverly Reid O'Connell |
| Defendants. | |

Plaintiff, DORIS H. BEGLEY, herein submits her Opposition to Defendant, WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. AND F/K/A WORLD SAVINGS BANK, FSB, ("WELLS FARGO") Motion to Dismiss her First Amended

1

Complaint ("FAC.")  Plaintiff opposes Defendant's Motion to Dismiss on the grounds that her FAC does state valid causes of action and that Defendant's Motion to Dismiss is without merit.

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities, on the complete files and records of this action, and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.


Dated:  July 22, 2013                           CONSUMER LITIGATION LAW CENTER, APC


                                        BY:   */s/ Sholi Goodman*
                                              September J. Katje, Esq.
                                              Sholi Goodman, Esq.
                                              Attorney for Plaintiff,
                                              DORIS H. BEGLEY

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

Memorandum of Points and Authorities ........................................................ 6

I.      INTRODUCTION ............................................................................. 6

II.     STATEMENT OF FACTS ................................................................ 6

III.    LEGAL STANDARD ........................................................................ 8

IV.     ARGUMENT ...................................................................................... 9

        A.     PLAINTIFFS FRAUD CLAIMS ARE ADEQUATELY PLED, TIMELY AND NOT PREEMPTED ..................................................................... 9

        1.     HOLA DOES NOT PREEMPT PLAINTIFF'S FRAUD CLAIMS ....................... 9

        2.     PLAINTIFFS HAS ADEQUATELY PLED FRAUD. ........................................... 11

        B.     DEFENDANTS WRONGFUL CONDUCT IN THE FORECLOSURE PROCESS IS SUFFICIENTLY PLED AND NOT PREEMPTED ....................................... 12

        1.     HOLA Does Not Preempt Plaintiff's Claims ...................................... 12

        2.     *Civil Code* Section 2923.5 ...................................................... 13

        3.     Violation of DOJ is Unfair and a Violation of Bus. & Prof. Code Section 17200  15

        4.     All of the RESPA Damages Cannot Be Determined Until Defendants Comply ... 15

        C.     PLAINTIFF IS NOT REQUIRED TO TENDER ESPECIALLY WHEN REFORMATION IS SOUGHT ....................................................... 16

V.      CONCLUSION .............................................................................. 18

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Cases

*American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) . 11

*Bank of America v. City & County of San Francisco*, 309 F.3d 551, 557-61 (9th Cir.2002) ....... 11

*Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 33-34, 116 S.Ct. 1103, 134
   L.Ed.2d 237 (1996). ................................................................................ 11

*Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007) ........................................ 10

*Blanco v. Amer. Home Mortg. Servicing, Inc.* (E.D.Cal. 2009) 2009 WL 4674904, 9 n.5 ......... 15

*Catalan v. GMAC Mortgage* 629 F. 3d 676 ................................................ 17

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) ............................. 10

*Conley v. Gibson*, 355 U.S. 41 (1957) .................................................... 10

*Daum v. SpineCare Medical Group, Inc.*  52 Cal. App. 4th 1285, 1306 (1997) ............... 14

Donabedian v. Mercury Ins. Co. (2004) 116 CA4th 968, 994, 11 CR3d 45, 64 ................. 16

*Fenning v. Glenfeld, Inc.* (1995) 40 Cal.App.4th 1285 .................................... 11

*Gibson v. World Savings & Loan Assn.* (2002) 103 Cal.App.4th 1291 ........................ 11

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) .............................. 9

*Haehl v. Washington Mutual Bank*, F.A., 277 F.Supp.2d 933, 939-40, 942-43 (S.D.Ind.2003).. 11

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993) ............................... 10

*Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 291 (1911). ............................. 18

*In re Ocwen Loan Servicing*, 491 F. 3d at 643 ........................................ 13, 14

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142-43, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)
   ................................................................................. 12, 15

*Karlsen v. American Savings & Loan Assn.,* 15 Cal. App. 3d 112, 117 (1971). ............. 18

*Mabry v. Superior Court,* 185 Cal.App.4th 208 (2010) ............................. 14, 16, 19

*Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) ...................................... 18

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ................... 10

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ................................................. 10

*Skov v. U.S. Bank Nat. Ass'n*, 207 Cal. App. 690, 699 (2012) ............................ 14

*Stefan v. Wachovia, World Savings*, 2009 U.S. Dist. LEXIS 113480 ........................ 11

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

*Wigwood v. Wells Fargo* 673 F. 3d 547 (7th Cir. 2012)................................................. 13

Statutes

12 C.F.R. § 560.2(c)........................................................................................... 14

Cal. *Civ. Code* § 2923.5(a)(1)............................................................................ 15

*Civil Code* § 2924.11(f) ...................................................................................... 18

*Civil Code* Section 2923.5 ................................................................... 15, 16, 17

HOLA Regulation 12 C.F.R § 560 .................................................................... 12

HOLA Regulation 12 C.F.R §§ 560(a)-(c) ....................................................... 12

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

## <u>Memorandum of Points and Authorities</u>

### I.   <u>INTRODUCTION</u>

On June 19, 2013, Plaintiff DORIS H. BEGLEY filed a First Amended Complaint ("FAC") containing factual allegations against Defendant sufficient to support denying Defendants Motion to Dismiss in its entirety.  Plaintiff carefully considered every allegation in Defendant's meet and confer discussion in filing her FAC, but Defendant has still filed a Motion to Dismiss in this matter.

### II.   <u>STATEMENT OF FACTS</u>

Plaintiff is the owner of the real property located at 23990 Avenida Entrana, Valencia, California 91355 ("Subject Property").  (FAC ¶ 3.)  On March 7, 2006, Plaintiff obtained a mortgage loan in the amount of $385,000.00, secured by a deed of trust. (FAC ¶ 21.)

In or about February 2006, Plaintiff solicited an agent ("Agent"), for the purpose of refinancing her home ("Subject Property"). (FAC ¶ 16.)   Agent filled out the loan application at Plaintiff's home. *Id*. Plaintiff never personally or physically filled out a loan application and is ignorant and unaware as to the contents therein. *Id*.

Plaintiff signed the final loan documents at home in the presence of the broker.  (FAC ¶ 17.)  Plaintiff requested an interest rate that was lower than the interest rate she currently had with her lender.  *Id*. Plaintiff was pressured and signed the documents. *Id*. Plaintiff was never given the opportunity to read the loan documents prior to the date of signing. *Id*. Plaintiff thought the Agent was honest since the Agent reassured Plaintiff that the mortgage product was the best for the Plaintiff. *Id*. The loan documents were not provided to Plaintiff until after the loan was signed and recorded. *Id*.

Agent did not disclose and Plaintiff was not aware that, among other things:

      1) the loan was not a fixed product as requested, but rather an Adjustable Rate PICK-A-PAY loan;

      2) the loan was guaranteed to cause negative amortization for at least the first five (5) years - causing the principal to balloon while every monthly payment did nothing to touch the principal, to wit:

6

a) *the fixed payment for the first year of the loan was $1,541 while the monthly interest payment alone was $2,871*;

b) *the Note had a payment increase cap of 7.5% which ensured that the monthly payments did not exceed the monthly interest payments that were also increasing exponentially due to the negative amortization*;

3) the 7.5% payment increase cap worked to conceal the negative amortization from Plaintiff for years because it kept the monthly payments relatively the same from year to year until the maximum principal cap of 125% would force the monthly payments to become dramatically larger as they included not only the undisclosed interest, but also the substantially inflated principal also (the principal would have increased nearly $100,000 by that time);

4) the interest rate was never 6.81% as misrepresented by the Note but rather approximately 8.95% because the "Interest Change Date" was the same as the first payment date under the Note and the COSI Index rate at that time was approximately 5.5% plus the Note added 3.45%;

5) the interest could eventually escalate to 11.95%;

6) the loan contained a late charge of 5% of the principal and interest due; and

7) the loan contained a pre-payment penalty if paid within the first three (3) years.

In or about September 2012, Plaintiff began contacting WELLS to inquire about obtaining a loan modification.  A WELLS representative advised Plaintiff to submit an application for a loan modification.  Plaintiff did so.

WELLS is part of, and bound by, a National Class Action Settlement Agreement ("Settlement Agreement") whereby it is required to follow specific steps to remedy the plethora of fraudulent or otherwise wrongful loans that were a substantial cause of the recent financial crisis.

One of the Settlement Agreement's requirements is that borrowers be reviewed for a HAMP loan modification if eligible, if not then the DOJ or similar program put in place by WELLS.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

Although WELLS was not required to give every borrower a permanent loan modification, according to the Settlement Agreement, they must be reviewed for, among others, a HAMP loan modification, a DOJ or similar program it has implemented. WELLS has failed, refused and continues to refuse to properly review Plaintiff for a HAMP, DOJ or any other similar loan modification. WELLS had a duty to properly review Plaintiff for a HAMP, DOJ or other similar loan modification and breached this duty by denying Plaintiff based on WELLS own negligence.

Further, WELLS has unfairly benefited from this to the advantage of the other lenders who were part of this settlement who are fairly reviewing their borrowers for loan modifications as part of the Settlement.

Additionally, on December 17, 2012, without notice, WELLS through its alleged trustee, NDEX, recorded a Notice of Default on the Subject Property. Defendants did not contact Plaintiff prior to recording the Notice of Default to assess Plaintiff's financial situation and explore the possible foreclosure alternatives.

Plaintiff asserts that Defendants did not have a right to foreclose in that at no point in time did the purported original beneficiary of the Deed of Trust, WORLD, assign their, or its, interest in the Property, as the true beneficiary, to NDEX. There has been no Substitution of Trustee recorded from WORLD, as beneficiary, naming NDEX as the new trustee.  The trustee was and still is Golden West Savings Association Service Co.  Therefore, the Notice of Default of December 17, 2012 as well as any subsequent Notices of Trustee Sales should be declared void ab initio.

### III. <u>LEGAL STANDARD</u>

Rule 12(b)(6) motions are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quoting *Conley*

*v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added).  The purpose of a Federal Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief in the complaint.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  *See, Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  It is not a procedure for resolving a contest about the facts or the merits of the case.  In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted.   Furthermore, more recently, the U.S. Supreme Court has held that to survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 55 US 544, 547 (2007).

## IV. <u>ARGUMENT</u>

### A.  PLAINTIFFS FRAUD CLAIMS ARE ADEQUATELY PLED, TIMELY AND NOT PREEMPTED

Defendants attempt to dismiss Plaintiff's fraud claim for any reason but substance because they cannot escape the fact that the terms on the face of Note itself, upon which they now try to usuriously and illegally foreclose on, is where the fraud lies. (FAC ¶¶ 28-31.)  In fact, the only attempt Defendants make at dealing with the patently fraudulent terms is to call them "frivolous." *See* Defendants Motion to Dismiss Page 8, Line 10. Accordingly, Defendants Motion to Dismiss artfully dodges all of Plaintiff's substantive fraud allegations, and instead must try and evade liability by incorrectly claiming that Plaintiff's claim is time-barred, preempted, or fails because somehow Defendants are not liable for their agents wrongdoings or their own contract.

### 1.  HOLA DOES NOT PREEMPT PLAINTIFF'S FRAUD CLAIMS

As a threshold matter, contrary to Defendants' sweeping preemption contention, it is well settled law that Plaintiff's origination claims for state law fraud and unfair competition are not

preempted by HOLA. See *Gibson v. World Savings & Loan Assn.* (2002) 103 Cal.App.4[th] 1291 at 1292. It is true that state laws escape preemption from HOLA Regulation 12 C.F.R § 560 only "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." See *Bank of America v. City & County of San Francisco*, 309 F.3d 551, 557-61 (9th Cir.2002); *Haehl v. Washington Mutual Bank*, F.A., 277 F.Supp.2d 933, 939-40, 942-43 (S.D.Ind.2003); cf. *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 33-34, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996). However, Defendants fail to recognize that HOLA explicitly states that the types of state laws preempted are those that purport "to impose requirements" "except to the extent provided for in paragraph (c)" which includes tort, contract, commercial and real property law. *See* HOLA Regulation 12 C.F.R §§ 560(a)-(c).

Further, the OTS has clarified, that State laws prohibiting deceptive acts and practices in the course of commerce are not included in the illustrative list of preempted laws in section 560.2(b). *See* "Preemption of State Laws Applicable to Credit Card Transactions" ¶ IIC (Opinion of OTS Chief Counsel, Dec. 24, 1996, 1996 WL 767462). This is because, although State law cannot tell the bank "how it can or cannot operate," it can insist that, "however the Bank chooses to operate, it do so free from fraud and other deceptive business practices." See *Gibson*, at 1299; *Fenning v. Glenfeld, Inc.* (1995) 40 Cal.App.4[th] 1285.

In fact, Defendants' own Motion to Dismiss confirms as much: "The Relief Plaintiff seeks under state tort and contract laws are of general applicability and do not explicitly regulate lending activities." *See* Defendants' Motion to Dismiss Page 6, Lines 7-9 (citing *Stefan v. Wachovia, World Savings*, 2009 U.S. Dist. LEXIS 113480). This is because, outside rare recognized exceptions such as ERISA, see 29 U.S.C. §§ 1132(a), (e), "it would be surprising for a federal regulation to bar a suit for fraud." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 232, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142-43, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). "OTS Final Rule," 61 Fed.Reg. 50951, 50966 (Sept. 30, 1996). Thus, Plaintiff's origination fraud claim are not preempted because they sound in tort,

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

contract, commercial and arguably real estate law and the OTC never intended consumers to be deprived of a private right of action for these basic violations, especially allegations of fraud.

## 2. PLAINTIFFS HAS ADEQUATELY PLED FRAUD.

Defendants' contentions that Plaintiff's fraud based claims fail because they are not liable for the actions of "agent," or even if they were, that the claims are time-barred are confusing to say the least.

As for the unfair business practices claim sounding in origination, Defendants admit that the originating entity and Defendant Wells Fargo are one and the same: "World Savings Bank…changed its name to Wachovia Mortgage, FSB…(and) Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A....until recently known as Wachovia Mortgage." *See* Defendants Motion to Dismiss Page 2, Lines 9-17. Defendant Wells Fargo did not succeed World or Wachovia, they are one and the same.

As so far as the claim that somehow Defendants are not liable for the actions of one of their own agents, or that because Plaintiff does not remember the name of the agent, that somehow that shields them from liability, are disingenuous at best. First, as explained in detail above and in the FAC, the four-corners of the loan itself is fraudulent because, among other things, it: 1) deceptively presented an interest rate that a) never came into effect; and b) was several percentage points below what Plaintiffs actually paid; and 3) loan was guaranteed to negatively amortize at a startling rate. (FAC ¶¶ 16, 17)

As to any fraud perpetrated by omission or misrepresentation, obviously Plaintiff used the word "agent" to inform the court that the individual who facilitated the loan had indicated that he was an employee of, or otherwise working for Defendants. (FAC ¶¶ 16, 17.) The agent's name, if so required by the Court, can and will be uncovered during discovery and cannot function to bar the claim at this stage in litigation.

Last, as explained in detail above and in the FAC, the fraud based claims are not time-barred because the fraudulent terms, on the face of the loan, worked in complex harmony to ensure that the negative amortization features as well as the illusory interest rate would not be

discovered by Plaintiff. (FAC ¶ 18.) The combination of the payment increase cap, and fixed payments meant that Plaintiff would have no reason to suspect anything was amiss with his loan until it jumped in 2011. The terms were so convoluted and overlapping that no amount of diligence would have put Plaintiff on notice of any wrongdoing at the time of origination because Plaintiff did not and could not have understood their net effect. Thus, Plaintiff only had reason to know of the fraudulent and usurious nature of the loan until 2011 when the terms finally worked to substantially increase the monthly payments and put Plaintiff on notice that something was wrong with his loan.  Therefore, Plaintiff's fraud claims should stand.

## B.   DEFENDANTS WRONGFUL CONDUCT IN THE FORECLOSURE PROCESS IS SUFFICIENTLY PLED AND NOT PREEMPTED

### 1.   HOLA Does Not Preempt Plaintiff's Claims

As discussed above, HOLA is not as expansive as Defendant contends.  In fact, the HOLA and OTS regulatory preemption standards Defendants invoke do not apply to Plaintiff's claims. State laws that are not preempted by HOLA include those that only incidentally affect the lending operations of federal savings associations. 12 C.F.R. § 560.2(c).

Defendants argue that HOLA and the OTS regulations displace the wrongful foreclosure claims that effectively impose any standards for the processing and servicing of mortgage loans, whether they conflict with federal policy or not.  This argument is directly at odds with the saving clause of 12 CFR 560.2(c) and inconsistent with the 7th Circuit Court's decision in In re *Ocwen Loan Servicing, LLC Mortg. Servicing Litigation* 491 F. 3d 638 (7th Cir. 2007).  See also *Wigwood v. Wells Fargo* 673 F. 3d 547 (7th Cir. 2012) at page 577, et seq., wherein Defendant in this matter was also defendant.

HOLA gave the OTS the "exclusive authority to regulate the savings and loan industry in the sense of fixing fees, penalties, licensing requirements, prescribing certain terms in mortgages, requirements for disclosure of credit information, setting standards or processing and servicing mortgages. *In re Ocwen Loan Servicing*, 491 F. 3d at 643.  Against this background of limited remedial authority, courts have held that HOLA and the OTS regulations did not preempt suits

12

by "persons harmed by the wrongful acts of savings and loan associations seeking "basic state law remedies and we allowed state law claims like those in this case to go forward." *Id*. see also *Wigwood* 673 F. 3d 547, at 577.

Some federal statutes do not receive such wide berths as to displace virtually all state laws in the neighborhood. *Id*. at 577. Such laws are exceptional and HOLA is not one of them. In addition, the Department of Treasury's own directives state that mortgage servicers, in an attempt to stave off foreclosures, implement assistance programs in compliance with state common laws and statutes. See Supplemental Directive09-01. *Id*. at 580. Thus, HOLA only preempts applicable state laws when they could interfere with federal regulation, that is, the regulatory program, and none of Plaintiff's wrongful foreclosure claims. *Id*. at 577.

### 2. *Civil Code* Section 2923.5

Courts have determined that "section 2923.5 operates substantively on lenders. They must do things in order to comply with the law." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 221. "The key text of section 2923.5—'key' because of the substantive obligation it imposes on lenders—basically says that a lender cannot file a notice of default until the lender has contacted the borrower . . . to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.'" *Id*. *Civil Code* Section 2923.5 was specifically determined to not be preempted by HOLA. *Id*. The lender may not file a notice of default until 30 days after this contact and good faith discussion has taken place. Cal. *Civ. Code* § 2923.5(a)(1). Defendant filed a notice of default in or about December 2012. (FAC ¶ 83.)

Whether a defendant has complied with a statute is a question of fact. See *Daum v. SpineCare Medical Group, Inc.* 52 Cal. App. 4th 1285, 1306 (1997). As stated in *Skov v. U.S. Bank Nat. Ass'n*, 207 Cal. App. 690, 699 (2012), whether the lender has complied with section 2923.5 in contacting the plaintiff as it asserts, assuming the truth of the plaintiff's allegations, cannot be resolved upon a motion to dismiss.

Plaintiff is informed and believes that (1) Defendant did not send Plaintiff a first class letter than included a toll-free number for HUD, (2) Defendant did not attempt to contact Plaintiff by telephone at least three times, at three hours, and on different days prior to filing a

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

notice of default, and (3) Defendant did not send a certified letter to Plaintiff with return receipt requested.  (FAC ¶¶ 84-88.)  Thus, Defendant did not fulfill the substantive obligations imposed upon them prior to recording the notice of default.  (FAC ¶ 89.)

Defendant contends that the recorded Notice of Default includes a declaration that the loan servicer tried to contact the borrower, and that this fact is dispositive of this claim.  Note that numerous courts have declined to take conclusive judicial notice of a notice of default for the assertion that the mortgagee had contacted the borrower as required by *Civil Code* Section 2923.5, because the fact could be subject to dispute.  *Blanco v. Amer. Home Mortg. Servicing, Inc.* (E.D.Cal. 2009) 2009 WL 4674904, 9 n.5.

The declaration contained in the Notice of Default by itself is insufficient to sustain a motion to dismiss, where the facts asserted in the declaration are disputed.  For purposes of a motion to dismiss, the declaration, in and of itself, is insufficient to defeat the cause of action.  Plaintiff alleged that any contact made between Plaintiff and Defendants was initiated by Plaintiff, and never Defendants, and therefore not compliant with *Civil Code* section 2923.5.  (FAC ¶ 88.)  "While judicial notice could be properly taken of the existence of Jones' declaration, it could not be taken of the facts of compliance asserted in the declaration, at least where, as here, Intengan has alleged and argued that the declaration is false and the facts asserted in the declaration are reasonably subject to dispute." *Intengan v. BAC Home Loans Servicing LLC* (2013) A135782.  Similarly here, judicial notice can be taken of the existence of the declaration attached to the Notice of Default, but not of the facts contained therein allegedly attesting compliance with *Civil Code* Section 2923.5, as Plaintiff has properly pled facts contrary to the facts contained in the declaration, therefore the facts are reasonably subject to dispute.  Because this is a factual dispute, it cannot properly be determined by demurrer, or as here on Defendants' Motion to Dismiss.  A demurrer (or Motion to Dismiss) is a pleading used to *test the legal sufficiency* of other pleadings. I.e., it raises issues of law, not fact, regarding the form or content of the opposing party's pleading (complaint, answer or cross-complaint). [CCP §§ 422.10, 589; see *Donabedian v. Mercury Ins. Co.* (2004) 116 CA4th 968, 994, 11 CR3d 45, 64 (citing text)].

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Plaintiff alleges she was not properly contacted by Defendant at least 30 days prior to the filing of the December 2012 Notice of Default. Defendants contend otherwise. They do not state the precise facts satisfying the abovementioned requirements in their Motion to Dismiss, but instead once again hinge on the technical value of the declaration that they contend is conclusive as against Plaintiffs detailed and specific factual allegation. Therefore there is a factual dispute that cannot be resolved on Defendants' Motion to Dismiss.

Consideration of the modification application does not absolve defendants of their statutory obligations. "Exploration" of "options" to avoid foreclosure involves more than determining whether to grant a modification initiated solely by the borrower. The statute does not impose onerous requirements, but does require the mortgagee to initiate contact and explore options. "Exploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure may be avoided (e.g., deeds "in lieu," workouts, or short sales)…" *Mabry*, 185 Cal. App. 4th at 232. Defendants imply that because Plaintiff reached out to Defendants to request a modification, Plaintiff is no longer protected by the statute. Defendants' theory fails to account for the likely possibility that a borrower may not have any knowledge of the various options available. It also serves to punish a borrower attempting a compromise, who is granted *less* protection than a borrower who does nothing.    Therefore, Plaintiff sufficiently stated a claim for violation of *Civil Code* section 2923.5 that is absolutely a factual dispute that it is not fit to be dismissed at this stage of litigation.

### 3. Violation of DOJ is Unfair and a Violation of Bus. & Prof. Code Section 17200

Defendant WELLS FARGO is party to the Department of Justice National Class Action Settlement Agreement ("DOJ") that requires them, and several other major lenders to follow loan modification guidelines. Plaintiff alleges that she was never properly reviewed for a HAMP or any other modification program as required by the DOJ. (FAC ¶ ¶ 56-60.)Thus, Defendants have unfairly harmed Plaintiff and have gained a competitive advantage over the other signatories to the DOJ and are harming competition and the public accordingly. *Id.*

### 4. All of the RESPA Damages Cannot Be Determined Until Defendants Comply

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

The standard for a RESPA request is remarkably loose. *Catalan v. GMAC Mortgage* 629 F. 3d 676.   How can Plaintiff know the harms she has occurred at the precise damages if she does not have the information that she was specifically looking to glean from her VOD and QWR requests? What legitimate reason did Defendants have in not supplying Plaintiff with the requested information other than to make this precise defense as to damages and to continue to keep Plaintiff in the dark. The precise damages will be uncovered in discovery. At this time, Plaintiff has already sufficiently pled damages ranging from improper credit reporting to improper fees and late charges. (FAC ¶¶ 113-115).   In addition, Plaintiff is specifically requesting an accounting of fees charged to her account to ensure Defendants' compliance with *Civil Code* § 2924.11(f). (FAC ¶¶112).   Defendants' failure to respond supports Plaintiffs' suspicion of improper charges and Plaintiffs' further allegation that Plaintiffs' account has been charged additional improper compounded fees and interest due to Defendants' failure to respond to Plaintiff's QWR and VOD and Plaintiff's inability to dispute such charges.   Therefore, Defendants' Motion to Dismiss this Cause of Action should be overruled.

## C.  PLAINTIFF IS NOT REQUIRED TO TENDER ESPECIALLY WHEN REFORMATION IS SOUGHT

A mortgagor who seeks to set aside a voidable sale must make a valid tender of payment of indebtedness.  *Karlsen v. American Savings & Loan Assn.,* 15 Cal. App. 3d 112, 117 (1971). Thereby, Defendant contends that Plaintiff is required to provide tender, allege that Plaintiff is likely incapable of performing tender, and thus the entire FAC is barred by the tender rule. However, there are recognized exceptions to the tender requirement.   Tender may not be required where the action attacks the validity of the underlying debt, since it would constitute an affirmation of the debt.  *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997).

At the heart of Plaintiff's complaint is that this loan was procured by fraud, therefore attacking the validity of the underlying debt. *See* Plaintiff's FAC. Further, the FAC seeks reformation of the loan, not rescission, to adequately reflect the true meeting of the minds at the time of origination that was obviated by the fraud. (FAC ¶ 122.) Thus, unlike a scenario

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

where the amount of tender could be easily calculated, as at least to the amount of the note or remaining indebtedness, reformation inherently renders such an accounting and tender speculative until equitably resolved by this Court.

Further, Plaintiff's fraud claim intrinsically attacks the validity of the underlying debt all together.  In addition, Plaintiff's claims for Defendant's breach of Business and Professions Code sections 17200, et seq. and unfair and deceptive business practices also attack the validity of the underlying debt.  See generally Plaintiff's FAC.  As such, alleging tender would constitute an affirmation of the debt, and invalidate Plaintiff's allegations in their complaint.  *Id.*

Additionally, there is a general equitable exception that "tender may not be required where it would be inequitable to do so."  *Onofrio,* 55 Cal. App. 4th at 424 (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages § 9:154, p. 508-509, fn. 86.)  Tender may not be required if it would evidence injustice and hardship of the right to attack the sale if it were made dependent upon an offer to pay the whole debt.  *Humboldt Sav. Bank v. McCleverty,* 161 Cal. 285, 291 (1911).  The court in Onofrio did not require the plaintiff to tender the amount necessary to cure the default in support of plaintiff's claims for wrongful foreclosure proceedings.  *Onofrio*, 55 Cal. App. 4th at 424.  The court granted the plaintiff's claim for rescission without an offer of tender.  *Id.*

Similarly here, Plaintiff's suit is based upon wrongful foreclosure proceedings and includes a claim for equitable relief.  Plaintiff's claims stem from a loan that arose from fraud, a loan that because of this fraud he would never be able to afford once the fraudulent and onerous negative amortization terms materialized in 2011.  Defendants are attempting to wrongfully foreclose on Plaintiff's home in violation of California law.  It would be an injustice, a hardship, and circular to thereby require Plaintiff to tender monies, the amount thereof being one of the major disputes at the core of this action, in order to attack same.  In addition, some of Plaintiffs causes of action specifically do not require tender. See *Mabry v. Superior Court,* 185 Cal.App.4th 208 (2010).  Therefore, Plaintiff should not be required to allege tender.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

## V.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss, set a date in which Defendants must answer the Complaint, and further set this case for trial.  In the alternative, Plaintiff requests the Court allow her sufficient time to amend her complaint to allege additional facts sufficient to plead inadequately pled causes of action against Defendants.


Dated:  July 22, 2013                    CONSUMER LITIGATION LAW CENTER, APC


                                         BY  _/s/ Sholi Goodman_____
                                             September J. Katje, Esq.
                                             Sholi Goodman, Esq.
                                             Attorney for Plaintiff,
                                             DORIS H. BEGLEY

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**