LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | | |
|---|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]**

Pending before the Court is Defendant Wells Fargo Bank N.A.'s Motion to Dismiss, (Dkt. No. 21), Plaintiff Doris H. Begley's Second Amended Complaint, (Dkt. No. 18). After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. For the following reasons Defendant's motion is GRANTED.

## I.   BACKGROUND

### A. Factual History

In February 2006, Plaintiff solicited an agent for assistance in refinancing a loan that is secured by a deed of trust on her home. (Second Am. Compl. (("SAC") ¶¶ 25, 26.) Apparently, the agent completed the entire loan application for Plaintiff. (*Id.*) Consequently, Plaintiff was unaware of some of the contents of the loan documents. (*Id.*) Nevertheless, she signed final loan documents in the broker's presence, having been reassured that the new loan was in her best interest. (*Id.*) Evidently, even after the loan documents were provided to Plaintiff, she did not read them. (*See id.*) Ultimately,

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

Plaintiff was awarded a "PICK-A-PAY" adjustable rate loan by World Savings Bank FSA.[1]  (*See id.* at ¶ 27.)

     The terms of Plaintiff's loan provide for fixed monthly payments that change from year to year.  (SAC ¶ 27; Ex. A.)  Nevertheless, the interest rate charged on the principal balance may fluctuate from month to month.  (SAC Ex. A.)  Although the loan terms clearly caution that the monthly loan payment "may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance," (*id.*), Plaintiff believed that the monthly payments would always be enough to cover the monthly interest accrued, (SAC ¶ 27).  The loan terms clearly indicate that Plaintiff's "monthly payments may be insufficient to pay the total amount of monthly interest that is due," and consequently the unpaid accrued interest would "be added to [her] Principal balance and will accrue interest at the same rate as the Principal," (SAC Ex. A), Notwithstanding the loan terms, Plaintiff did not believe that the unpaid interest would be capitalized, (SAC ¶ 27).  And even though the terms of her loan inform that "[t]he interest rate [she] will pay may change on the 15th day of April, 2006 and on the same day every month thereafter," (SAC Ex. A), Plaintiff further claims she was "misled" by the terms of the loan—she was under the assumption that she would pay an interest rate of 6.810%, but instead started paying a rate of 8.4745% on a fixed initial monthly payment of $1,541.31.[2]  (SAC ¶ 28.)

     At the beginning of 2012, Plaintiff was no longer able to afford her loan payments.  (SAC ¶ 31.)  In late 2012, she tried to make a payment on her loan, but Defendant refused to accept it.  (SAC ¶ 31.)  In September 2012, Plaintiff applied for a loan modification.  (SAC ¶ 33.)  Instead of helping with the loan modification process, Defendant recorded a notice of default on December 17, 2012, but did not notify Plaintiff.  (SAC ¶ 34.)

---

[1] Defendant Wells Fargo Bank N.A. subsequently acquired World Savings Bank FSA, succeeding all of its rights and liabilities.

[2] Plaintiff's first payment was due on April 15, 2006, the same date her 6.810% interest rate could begin fluctuate.  (SAC Ex. A.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

### B. Procedural History

On April 11, 2013 Plaintiff filed this lawsuit in the Los Angeles Superior Court, which Defendant removed on May 22, 2013. (Dkt. No. 1.) Plaintiff filed the First Amended Complaint on June 19, 2013. (Dkt. No. 7.) On July 5, 2013, Defendant moved to dismiss Plaintiff's first amended complaint, and the Court granted Defendant's motion on October 28, 2013. (Dkt. Nos. 8, 16.) In its order granting Defendant's motion to dismiss, the Court dismissed several of Plaintiff's claims with prejudice, finding them to be preempted by the Home Owners Loan Act ("HOLA"). (Dkt. No. 16.) On November 25, 2013, Plaintiff filed a second amended complaint. (Dkt. No. 18.) The instant motion to dismiss is directed at Plaintiff's second amended complaint. (Dkt. Nos. 21.)

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 US. 544, 570 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id*.

In ruling on a motion to dismiss, a court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007); *Lee v. City of Los Angeles*, 250 F. 3d 668, 688 (9th Cir. 2001).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

### III. Request for Judicial Notice

Defendant has filed a request for judicial notice of various publicly filed documents in support of the motion to dismiss. (Dkt. No. 22; Def's Req. Judicial Notice ("RJN") Exs. A–F, H–I.) Defendant also requests judicial notice of the loan application to which Plaintiff refers in her SAC. (RJN Ex. G.)

When considering a motion to dismiss, a court normally does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Lee* 250 F.3d 668, 688–69 (9th Cir. 2001); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Evid. 201(d); *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Exhibits A through F and H through I to Defendant's request for judicial notice are properly judicially noticeable under Federal Rule of Evidence 201. Therefore, to the extent necessary to rule on the pending motion, the Court has considered Defendant's judicially noticeable exhibits. In addition, Exhibit G is a copy of the loan application that is referred to in Plaintiff's claim, and included in her Exhibit A, and is therefore also judicially noticeable. *See Marder*, 450 F.3d at 448. Accordingly, to the extent necessary to rule on the pending motion, the Court has also considered also Exhibit G to Defendant's request for judicial notice.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

### IV. DISCUSSION

As a preliminary matter, in dismissing Plaintiff's first amended complaint, the Court ordered that Plaintiff's Second "Amended Complaint is to be filed *no later than* November 15, 2013." (Dkt. No. 16, at 23 (emphasis added).) Nevertheless, Plaintiff did not file her second amended complaint until November 25, 2013—more than one week late. A court may dismiss an action *sua sponte* for failure to comply with the court's order. *See In re Phenylpropanolamine (PPA) Prods. Liability Litigation*, 460 F.3d 1217, 1226–29 (9th Cir. 2006). By failing to file her second amended complaint by the appointed deadline, Plaintiff failed to comply with this Court's order. Nevertheless, given her delay was only 10 days, and in the interests of justice, the Court will not dismiss Plaintiff's complaint for failing to obey the Court-ordered deadline. The Court does, however, remind the parties that it sets deadlines to effectively manage its docket and assist in resolving pending litigation in a timely manner.

In its motion, Defendant asserts that Plaintiff's second amended complaint disregards the Court's October 28th order, which dismissed entirely each of the third through fifth causes of action with prejudice, as well as various other state law claims. (Mot. 1.) Defendant also argues that plaintiff has failed to cure the defects of the claims to which the Court permitted leave to amend. (Mot. 1.) The Court will first address those claims dismissed with prejudice in its October 28 order. Then, to the extent that the claims are not preempted by HOLA, the Court will discuss whether Plaintiff has sufficiently pled the remaining claims.

### A. Claims Dismissed Entirely With Prejudice in the Court's Previous Order

Defendant urges the Court to dismiss Plaintiff's third, fourth, and fifth causes of action with prejudice for a second time because Plaintiff disregarded the Court's October 28 order. (Dkt. No. 21 at 4.) In her opposition, Plaintiff clarifies that by re-alleging the claims previously dismissed with prejudice she is not attempting to relitigate those issues. Rather, she is reasserting them because she was unable to adequately argue the issues when her first amended complaint was dismissed. (Dkt. No. 23 at 2.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

It is well established "that the re-filing of causes of action previously found untenable is improper." *M.M. v Lafayette Sch. Dist.*, C09-04624 SI, 2010 WL 5059530 (N.D. Cal. Dec. 6. 2010). Plaintiff also "agrees that the Court can and should simply ignore the arguably improperly reasserted causes of action." (Opp'n 2.) Finally, Plaintiff indicates that if the Court requires it, she is "open to filing a motion for reconsideration." (Dkt. No. 23 at 2.)

Accordingly, because Plaintiff improperly reasserts her third through fifth causes of action in her SAC, instead of filing a motion for reconsideration, the Court again DISMISSES those causes of action **with prejudice**.

**B. Plaintiff's Remaining Claims**

### *1. First Cause of Action: Fraud in Loan Origination*

In her first claim for relief, Plaintiff alleges that Defendant is liable to her under California Civil Code Section 1572, which codifies an action for actual fraud. (SAC ¶¶ 38–61.) Yet, as discussed in the October 28 Order, this claim is preempted by HOLA, and to that extent is therefore dismissed with prejudice. (*See* Dkt. No. 16).

In her first amended complaint, Plaintiff based her first cause of action on three factual theories: (1) the loan terms were fraudulently deceptive and Defendant failed to disclose their true nature to Plaintiff; (2) Defendant falsified the value of her home to secure a greater loan amount; and (3) Defendant falsified Plaintiff's monthly income to qualify her for a loan with greater monthly payments. (*See* FAC ¶¶ 22–44.) In its October 28th Order, the Court dismissed this claim with prejudice to the extent it was based on the first theory—fraudulently deceptive loan terms and Defendant's failure to disclose them—reasoning the claim is preempted by HOLA. (*See* Dkt. No. 16 at 8.) The Court also dismissed the first claim based on the other two theories, but granted leave to amend, finding they failed to present sufficient factual allegations give rise to a plausible claim for relief. (*Id.* at 8–9.)

In her second amended complaint, Plaintiff re-alleges the first cause of action for fraud, but includes only the first theory and omits the other two. (Dkt. No. 18). Given

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

the Court's previous order, this claim is therefore preempted by HOLA. Indeed, to reiterate, under 12 C.F.R. § 560.2(b)(4), any claim imposing requirements regarding "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate" is preempted. The gravamen of Plaintiff's first cause of action in the second amended complaint is that Defendant is liable for fraud due to the "deceptive, utterly confusing, and concealing nature of the terms" of her loan, (SAC ¶¶ 40, 42, 47); accordingly, it is preempted by HOLA and DISMISSED **with prejudice**.

### 2. *Second Cause of Action: Violations of California Business & Professions Code §§ 17200,* et seq., *in Loan Origination*

In her second cause of action, Plaintiff alleges Defendant is liable to her under California Business and Professions Code Sections 17200, *et seq.* (SAC ¶¶ 62–86.) California Business and Professions Code Section 17200 creates a cause of action for business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200, *et seq.* Its scope has been described as "sweeping," and its standard for wrongful business conduct is "intentionally broad." *In re First Alliance Mortg. Co.*, 471 F.3d 977, 995 (9th Cir. 2006). Each of the "prong[s]" of the unfair competition law provides a separate and distinct theory of liability. *Lozano v. AT&T Wireless Servs. Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

In its October 28 Order, the Court dismissed some of the theories under this cause of action with prejudice, finding preemption by HOLA, but dismissed others with leave to amend. (*See* Dkt. No. 16 at 10–12.) In her second amended complaint, Plaintiff re-alleges theories that the Court dismissed with prejudice. For example, under the unlawful prong, Plaintiff alleges Defendant "conceal[ed] the predatory nature of the PICK-A-PAY loan and the usurious fraudulent terms." (SAC ¶ 67.) Plaintiff then proceeds to outline the "deceptive terms" of her loan and explain why they are deceptive. (SAC ¶¶ 68–71.) Under the fraudulent prong, Plaintiff alleges in essence that Defendant's inclusion of deceptive loan terms deceived Plaintiff. (*See* SAC ¶¶ 81–86.) As explained in its previous order, these claims are preempted under HOLA. (Dkt. No. 16, at 11.) Accordingly, the Court again DISMISSES with prejudice these theories of liability.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

Plaintiff also re-alleges one theory that the Court previously dismissed with leave to amend.  Under the unfair prong of section 17200, Plaintiff contends that Defendant "had a duty to properly review Plaintiff for a HAMP, DOJ or other similar loan modification and breached this duty by denying Plaintiff based on [Defendant's] own negligence."  (SAC ¶ 77 (emphasis omitted).)  Nevertheless, Plaintiff again fails to include sufficient factual allegations to give rise to a plausible claim for relief.  Nowhere in her complaint does Plaintiff explain how Defendant was negligent.  (*See* generally Dkt. No. 18).  Instead, in the general factual allegations section of her complaint, Plaintiff alleges Defendant told her "that if [she] applied for a loan modification, [Defendant] would not attempt to foreclose on her."  (SAC ¶ 32.)  Plaintiff asserts that she did apply for a loan modification, but "instead of helping Plaintiff in the modification process, on December 17, 2012, [Defendant] recorded a Notice of Default on the Subject Property without providing prior notice to Plaintiff."  (SAC ¶¶ 33–34.)  These allegations are conclusory—they do not explain how Defendant failed to assist Plaintiff.  Instead, Plaintiff merely concludes that Defendant failed to help her "in the modification process" because it recorded a notice of default after she had applied for a loan modification.  This is insufficient to give rise to a plausible claim that Defendant engaged in any wrongdoing.  *See Iqbal*, 550 U.S. at 570.  Accordingly, the Court DISMISSES this theory of liability with leave to amend.

### 3. Sixth Cause of Action:  Violation of Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, 2605

In her sixth cause of action, Plaintiff again alleges Defendant is liable for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601.  (SAC ¶¶ 125–144.)  In its previous order, the Court dismissed this cause of action with leave to amend.  (Dkt. No. 16 at 14–16.)  Specifically, the Court found that Plaintiff failed to adequately plead she had suffered pecuniary damages resulting from Defendant's RESPA violation.  (*See id.*)  After reviewing her second amended complaint, it is apparent that Plaintiff has only slightly modified her allegations, and yet fails to state a plausible claim for relief. (*See* Dkt. No. 18.)

As explained in the Court's previous order, where an individual prevails in showing a defendant failed to comply with any provision of § 2605, it is entitled to "any

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

actual damages . . . as a result of the [defendant's] failure; and . . . any additional damages . . . in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(A)–(B). A plaintiff must allege a *pecuniary* loss that was *caused by* the defendant's noncompliance with § 2605. *See, e.g.*, *Ghuman v. Wells Fargo Bank N.A.*, – F. Supp. 2d– (C.D. Cal. 2013), No. 12-00902, 2013 WL 552097, at *11("A RESPA claim's failure to allege a pecuniary loss resulting from a failure to respond is fatal to the claim.")

Here, Plaintiff has virtually re-alleged her RESPA claim from the first amended complaint. (*Compare* FAC ¶¶ 101–118 *with* SAC ¶¶ 125–144.) The only new allegation included in her second amended complaint is that "[h]ad Plaintiff gotten a response . . . she *could have made an informed decision* as to find third-party assistance to *possibly* refinance her loan or to get a separate loan or funds to become current on the Note." (SAC ¶ 135 (emphasis added).) In the Court's view, the connection between any harm suffered by Defendant's failure to provide information and Plaintiff's inability to secure third-party funding is much too tenuous to survive a motion to dismiss. Plaintiff does not even allege that she could have obtained financing had Defendant provided her the requisite information—she merely alleges she "*possibly*" could have obtained other financing. (*See id.*) The mere possibility that Plaintiff could have obtained other financing is insufficient to state cognizable pecuniary damages.

In her second amended complaint, Plaintiff re-alleges that she suffered damages when Defendant provided information to a consumer credit agency, in violation of § 2605(e)(3). (*Compare* FAC ¶ 114 *with* SAC ¶ 140.) Her allegations are wholly conclusory and unsupported by fact, however. For example, Plaintiff alleges generally that "Defendant's failure to comply with 12 U.S.C. § 2605(e)(3) . . . has caused Plaintiff significant injury to her credit score and prevented her from obtaining additional credit." (SAC ¶ 140.) Although injury to a plaintiff's credit score, and consequent inability to secure additional credit, has been recognized as sufficient damages to state a claim under § 2605, *see Hutchinson v. Delaware Savings Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006), Plaintiff has alleged no facts to support her conclusions of injury. Accordingly, her allegations fail to state a plausible claim. *See Iqbal*, 550 U.S. at 679.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

Finally, Plaintiff also re-alleges that she has suffered various fees as a result of Defendant's failure to provide her the information she requested. (*Compare* FAC ¶¶ 112, 113 *with* SAC ¶¶ 135, 138, 139.) Nevertheless, as discussed in the Court's previous order, the only fee Plaintiff actually identifies appears to be a 5% late fee. (SAC ¶ 139.) Yet the 5% late fee was caused by Plaintiff's failure to make timely mortgage payments, not Defendant's failure to provide her with information. Accordingly, Plaintiff fails to state cognizable damages resulting from Defendant's failure to comply with § 2605. As such, Plaintiff's sixth cause of action is DISMISSED with prejudice.

### 4. *Seventh Cause of Action: Reformation of Contract*

In her seventh cause of action, Plaintiff seeks to reform her allegedly fraudulent contract with Defendant. (SAC ¶¶ 145–158.) In its previous order, the Court dismissed this request for reformation with leave to amend. (Dkt. No. 16 at 16–22.) Accordingly, the Court will address only the new allegations included in Plaintiff's second amended complaint.

In re-pleading this requested relief, Plaintiff includes two new allegations. She claims that "[t]he 'meeting of the minds' . . . included, at least, an interest rate of 6.81%, and never included an agreement or understanding that the actual interest rate would be 25% higher than that. Plaintiff also never 'agreed' to the negative amortization." (SAC ¶ 150.) These facts do not give rise to a right to reformation of Plaintiff's contract.

"[R]eformation [of a contract] is proper only in cases of fraud and mistake." *Skinner v. Northrop Grumman Retirement Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012). Plaintiff has not pled facts that would give rise to reformation based on mistake. "Reformation for *unilateral* mistake is not available unless the mistake of one party was *known or suspected* by the other party at the time of the execution of the document." *City of Cypress v. New Amsterdam Cas. Co.*, 259 Cal. App. 2d 219, 225 (1968) (emphasis added). Here, Plaintiff has not alleged that Defendant knew of or suspected Plaintiff's mistaken understanding of the loan terms. And it is quite clear Defendant was not mistaken as to the terms of the loan, thus precluding reformation based on mutual mistake. Accordingly, it does not appear Plaintiff has adequately alleged facts that would permit reformation for mistake.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

"[A] court may reform a contract [under a theory of fraud] when (1) one party seeks reformation, (2) that the party's assent was induced by the other party's misrepresentations as to the terms or effect of the contract, and (3) the party seeking reformation was justified in relying on the other party's misrepresentations." *Skinner*, 673 F.3d at 1166. Here, Plaintiff appears to allege that Defendant misrepresented the loan's terms "by creating [] complex and interweaving terms." (SAC ¶ 154.) Yet the terms of which Plaintiff complains are the fluctuating interest rate and possible negative amortization due to accrual of interest on unpaid interest. (*See* SAC ¶ 150, 154.) And these terms are expressly and clearly explained in the loan itself. (*See* SAC Ex. A.) For example, with respect to the fluctuating interest rate, the terms are quite clear: "The interest rate [Plaintiff] will pay may change on the 15th day of April, 2006 and on the same day every month thereafter. Each date on which [Plaintiff's] interest rate could change is called an 'Interest Rate Change Date.' The new rate of interest will become effective on each Interest Change Date." (SAC Ex. A.) This language is not deceptive or misrepresentative. Furthermore, Plaintiff initialed the page containing this language. (*See id.*) With respect to possible negative amortization, the loan warns that Plaintiff's monthly payment "may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance." (*Id.*) The terms later explain that Plaintiff's "monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called 'Deferred Interest,' *will be added to my Principal* and will *accrue interest at the same rate* as the Principal." (*Id.* (emphasis added).) These terms are straightforward and clear, not misrepresentative or deceptive. And again Plaintiff initialed both of the pages that included this language. (*See id.*) Accordingly, Plaintiff's allegations fail to plausibly state a claim that she is entitled to contract reformation based on Defendant's fraud or misrepresentation. This claim is DISMISSED with leave to amend.

### 5. *Eighth and Ninth Causes of Action: Quiet Title and Declaratory Relief*

In her eighth and ninth causes of action, Plaintiff seeks to quiet title to her property, and also seeks declaratory relief. In its October 28 order, the Court dismissed these claims with leave to amend. In the instant motion, Defendant urges the court to dismiss the eighth and ninth causes of action with prejudice because Plaintiff failed to allege any new facts. (Mot. 4.) And in her opposition, Plaintiff entirely failed to respond

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-3681-BRO (SHx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | DORIS H. BEGLEY V. WELLS FARGO HOME MORTGAGE, ET AL. | | |

to Defendant's request with respect to these claims. Accordingly, the Court assumes that Plaintiff was unable to ground these allegations in any basis other than the allegations of wrongful foreclosure and violation of California Civil Code section 2924(a)(6), which the Court dismissed with prejudice in its previous order. (*See* Dkt. No. 16 at 22.) For this reason, Plaintiff's eighth and ninth causes of action are DISMISSED **with prejudice**.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED. Any amended complaint must be filed **no later than Monday, February 10, 2014. Failure to timely file an amended pleading will result in dismissal of this action.** Defendant shall file a response by no later than 15 days after service of the Third Amended Complaint.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |